NASHVILLE, C. & ST. L. RY. v. REEVES.—157 S. W. (2d), 851.

Middle Section. November 1, 1941.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

Wm. H. Swiggart, Edwin F. Hunt, W. A. Miller, and Walton Whitwell, all of Nashville, and James D. Richardson, of Murfreesboro, for plaintiff in error Railway.

C. C. Jackson, Barton Dement, Jr., and George S. Buckner, all of Murfreesboro, for defendant in error Reeves.

CROWNOVER, P. J. This is a suit for damages for personal injuries averred to have been suffered by the plaintiff Reeves while loading a freight car on a side track in the defendant's railroad yard as the result of the defendant's negligence. It was contended by the plaintiff Reeves that he was loading scrap iron onto a flat freight car, from his truck, on a side track at the defendant Railway Company's freight depot; that while he and several others were attempting to load a very large piece of iron with the aid of a crowbar, one of the defendant's switch engines was driven without warning against the freight car; that the impact knocked him down, as the result of which his back was wrenched and sprained.

The defendant pleaded the general issue of not guilty.

The case was tried by the judge and a jury, and resulted in a verdict of $1,000 in favor of the plaintiff against the defendant, and judgment was entered accordingly.

The defendant's motion for a new trial was overruled and it appealed in error to this court and has assigned errors, which are in substance, as follows:

(1) There is no evidence to support the verdict.

(2) There was a variance between the pleadings and the proof.

(3) The trial judge erred in his charge to the jury, in that he unduly emphasized the plaintiff's theory of the case by repetitions.

(4) The trial judge erred in charging the jury as follows:

"Of course, it is the further contention of the defendant, Railway, that it was not guilty of negligence, in the matter, and that if there was a backing of the freight engine, that the plaintiff had warning of the same; that some of the fellow workers gave him warning to 'look out,' that 'a freight engine was backing.'"

(5) The trial judge erred in charging the jury as follows:

"If you find in favor of the plaintiff, upon consideration of the testimony, weighing it carefully, conscientiously, if you find in favor of the plaintiff, you will fix the amount of his recovery of damages, taking in consideration, if you find in his favor, whether his injuries are temporary or permanent injuries, taking also into consideration whether he suffered physical pain, and also consider what medical expenses and doctors' bills he incurred. In short, if you find in favor of the plaintiff, award to him just such amount of damages as will fairly and reasonably compensate him for all the injuries he received."

(6) The verdict of the jury is so excessive as to indicate passion, prejudice and caprice on the part of the jury.

The facts necessary to be stated are as follows: Howard Reeves, aged twenty-six years, was in 1940 engaged in the business of operating a truck, hauling for others for hire.

In March, 1940, he hauled a load of scrap iron, for Jim George, to the Nashville, Chattanooga & St. Louis Railway's freight depot, and loaded it on a flat freight car that was standing on a side track.

The plaintiff testified that he and five other men were loading a "caterpillar track" that weighed about 1,500 pounds; that they were using a crowbar to slide the "track" onto the freight car; that as they were holding the crowbar and one end of the "track" was on the freight car and the other end on the truck, the defendant's switch engine was backed against the freight car, without warning, jarring it; that the impact caused the end of the "track" that was on the freight car to fall off, which caused the crowbar to knock him down; that he fell to his knees in the truck; that in the fall his back was wrenched and sprained and his finger cut.

He testified that he has been unable to do much work since that time; that he cannot load or unload his truck although he is able to drive it.

He claims to be permanently but not totally injured. He sued for damages for personal injuries and to recover medical and doctor's bills.

The evidence for the Railway Company was that one of the men on the truck warned the others that the switch engine was coming; that some of the men jumped off the truck and the others stood up; that Howard Reeves did not fall down and was not injured; that the "caterpillar track" slipped a little but the men finished loading it.

1. The plaintiff in error Railway Company's first assignment of error is that there is no evidence to support the verdict.

This assignment must be overruled. The evidence as to the collision and alleged injury is as follows:

The plaintiff, Howard Reeves, testified that he was knocked down as the result of the collision of the switch engine with the freight car, without warning.

Earl Tyree testified that he jumped off the truck just before the switch engine struck the freight car; that when he went back to the truck Howard Reeves was standing up smiling and said, "It hurt my back."

Agg Cato Miller testified that after the switch engine struck the freight car Howard Reeves did not take part in the loading, that he said his side hurt.

Grady Reeves, brother of Howard Reeves, testified that Howard was knocked down by the collision, and complained of his back afterward.

For the Railway Company Will Sulls (Suggs) testified that he was on Reeves' truck; that he saw the switch engine approaching and warned the others; that some of them jumped off the truck and others stood up; that nothing happened to Howard Reeves; that he was standing within three feet of him at the time.

Samuel Sugg, aged twelve years, testified that warning was given of the approach of the engine; that he was standing on the platform by the side of the truck and could see Howard Reeves; that he did not fall down.

There is direct conflict in the evidence of the plaintiff and the defendant as to whether Howard Reeves was knocked down and whether any warning was given. The jury by its verdict has found that he was knocked down, and as there is evidence to support this finding this court is bound by it. Garland v. Mayhall, 17 Tenn. App., 449, 68 S. W. (2d), 482.

The evidence as to his injuries is as follows:

Howard Reeves, Mrs. Howard Reeves, and Dr. E. B. Allen testified that he has since suffered from pains in his back.

Agg Cato Miller, Dave Stephens and Grady Reeves testified that he cannot do the work he formerly did.

Therefore there is evidence that he was injured, but the question whether his injury was permanent will be hereinafter discussed.

The defendant Railway Company contends that the plaintiff's evidence is nullified because he made a number of contradictory statements on the witness stand about what he did after the collision of the switch engine with the freight car; that he testified that he got out of the truck and went off; that he got in his brother's truck about twenty minutes afterward; that five or six of them got in his brother's truck; that he got in the truck by himself and drove home; that he went to the station to see about getting the "caterpillar track" loaded.

These contradictory statements made by Reeves were in regard to his acts after the injury was suffered. These statements were not material on the question of liability.

The jury may consider as affecting the credence of the witness the contradictions made during the examination before them. 3 Ency. of Evidence, 7774.

The situation here is different from that in the case of DeGrafenreid v. Nashville R. & L. Co., 162 Tenn., 558, 39 S. W. (2d), 274. In that case the witness made two sworn statements about the cause of the accident that contradicted each other. The Supreme Court held that the two statements (about a determinative question) nullified each other, therefore there was no evidence.

And in the present case there is other evidence about the accident besides that of the plaintiff.

Where the contradictory statements are not material, the question of the weight of the evidence was for the jury. Garland v. Mayhall, 17 Tenn. App., 449, 68 S. W. (2d), 482.

2. The defendant contends that there is a variance between the declaration and the plaintiff's evidence, as the declaration states that the plaintiff "had hold" of the "track" at the time of the collision, and the plaintiff testified that he was moving the track by means of a crowbar.

The proximate cause of the injury in this case was the impact resulting from the negligent driving of the switch engine against the freight car.

"The negligence and the nature of the injuries relied upon must be averred in the declaration with reasonable certainty so as to give the defendant notice, and proof of other injuries, without proper averments, is not admissible. (East Tennessee Coal Co. v. Daniel, 100 Tenn., 65, 42 S. W., 1062.) Formerly, at common law, pleadings were construed more strongly against the pleader, and no presumptions in his favor were indulged. All reasonable presumptions were indulged in favor of the rights of the defendant, as well as against the pleader. It was on the theory that as the pleader had selected the language he should make his meaning clear. He was not allowed to leave his pleadings open to different constructions, and then take his choice between them. (21 R. C. L., 464-466.) However, this rule of construction has been necessarily modified, in Tennessee, in order to give effect to all material averments, where reasonably possible, so as to comply with the forms authorized by statute; and now, any pleading is good, when it conveys a reasonable certainty of meaning, and when by a fair and natural construction it shows a substantial cause of action or defense. An averment of the material facts in an intelligible form is all that is required. Where an averment is capable of different meanings, that shall be taken which supports the declaration, and not that which will defeat it. No more is required than to convey a reasonable certainty of meanings, which, by a fair and natural con-

struction, shows a substantial cause of action." Grace v. Curley, 3 Tenn. App., 1, 7.

We think there is nothing in the defendant's contention that there is a variance between the time of the accident as averred in the declaration and as shown by the evidence. In the declaration the time is averred to have been about March 25, 1940. Dr. Allen's records showed that he first treated Reeves on April 1st. One witness testified that he thought the accident happened on March 6th because there was a red mark on his calendar that he had made on that date.

"It is not ordinarily considered necessary to the sufficiency of the pleading that the time stated therein should be the true time, except where time is of the essence of the contract sued on, or constitutes matter of description of the instrument sued on, or is otherwise material." 49 C. J., 144, sec. 154; May v. Illinois Cent. Railroad Co., 129 Tenn., 521, 167 S. W., 477, L. R. A., 1915A, 781, Ann. Cas., 1916A, 213; 1 Greenleaf on Evidence (16 Ed.), sec. 61.

3. We are of the opinion that the trial judge did not unduly emphasize the plaintiff's side of the case. He fairly stated the theories of both the plaintiff and the defendant. It happened that more space was needed to explain the plaintiff's theory than the defendant's. This assignment must therefore be overruled.

4. We do not think the jury was influenced or the defendant prejudiced by the trial judge's use of the expression "of course" in stating the defendant's theory. The judge first stated that it was the defendant's contention that the plaintiff Reeves was not injured at all; that he was not knocked down. The judge then stated:

"Of course, it is the further contention of the defendant, Railway, that it was not guilty of negligence, in the matter, and that if there was a backing of the freight engine, that the plaintiff had warning of the same; that some of the fellow workers gave him warning to 'look out,' that 'a freight engine was backing.'"

The trial judge did not emphasize the words "of course" or elaborate upon it. The expression was merely thrown in.

5. The defendant's fifth assignment of error is that the trial judge erred in charging the jury as follows:

"If you find in favor of the plaintiff, upon consideration of the testimony, weighing it carefully, conscientiously, if you find in favor of the plaintiff, you will fix the amount of his recovery of damages, taking in consideration, if you find in his favor, whether his injuries are temporary or permanent injuries, taking also into consideration whether he suffered physical pain, and also consider what medical expenses and doctors' bills he incurred. In short, if you find in favor of the plaintiff, award to him just such amount of damages as will fairly and reasonably compensate him for all the injuries he received."

(a) The defendant contends that there is no evidence that the plaintiff was permanently injured, and the jury should not have been permitted to consider whether his injury was permanent.

Dr. Allen testified that he came to him "complaining of his back;" that an X-ray picture did not show any injury; that he had a "wrenched or sprained back;" that "it may clear up and get over it and may never."

The foregoing is not evidence that the injury is permanent.

"Testimony of a physician as to the probable effect of the injury is admissible, but it should show that such result is reasonably certain and not a mere likelihood or possibility." 25 C. J. S., Damages, sec. 149, pp. 799, 800; 17 C. J., 1035, sec. 329.

"To warrant a recovery for a permanent injury, the future effect of the injury must be shown with reasonable certainty. It is not necessary that the evidence show conclusively or without a shadow of doubt that the injuries are permanent. But while absolute certainty should not be required, a mere conjecture, or even a probability, does not warrant the giving of damages for future disability which may never exist." 15 Am. Jur., 486, sec. 75.

The plaintiff, his wife and his brother testified that he suffered from the injury to his back and that he was not able to work as well as he did before the accident, but they do not attempt to say that his injuries are permanent.

It was reversible error for the trial judge to charge the jury that it might determine whether his injuries were temporary or permanent.

"In an action for personal injuries the court should not give an instruction allowing the jury to assess damages for permanent injuries or lasting impairment of health, unless there is evidence showing, with reasonable certainty, that such permanent injuries or lasting impairment of health have been in fact sustained by the plaintiff." 15 Am. Jur. 815, sec. 377; 8 R. C. L., 662, sec. 204.

"The instructions should not be open to an interpretation permitting a recovery for decreased earning capacity in the absence of evidence of the amount thereof, or of the permanency of the disability and the fact of impairment of the earning capacity of the person injured." 17 C. J., 1078, sec. 383; 25 C. J. S., Damages, sec. 185; Hoyt v. Metropolitan St. Ry. Co., 73 App. Div., 249, 76 N. Y. S., 832; Schwarting v. Ogram, 123 Neb., 76, 242 N. W., 273, 81 A. L. R., 769.

A finding by the jury that the plaintiff was permanently injured depended upon speculation, or a guess. A verdict cannot be based upon a conjecture. Buckeye Cotton Oil Co. v. Campagna, 146 Tenn., 389, 396, 242 S. W., 646.

(b) The plaintiff sued for medical expenses and doctor's bills and there was evidence that his doctor's bill was $75. This part of the fifth assignment must be overruled.

(c) In view of the judge's charge as to the permanency of the injury, we think the last sentence of his charge on this question is too general and gave the jury too wide a latitude.

6. The defendant's sixth assignment is as to the excessiveness of the verdict. If the plaintiff did not suffer permanent injury, the

verdict is excessive, but as the case must be remanded for a new trial, we will not discuss this question.

The judgment is reversed and the case will be remanded to the Circuit Court of Rutherford County for a new trial. The costs of the appeal are adjudged against Howard Reeves, but the costs that accrued in the lower court will await the final determination of the case.

Felts and Howell, JJ., concur.