24

PHIL EVENSKY, Plaintiff in Error, v. CITY OF MEM-
PHIS, J. Ray Morton, Horace H. Hull, T. Walker Lewis,
and Ira Lichterman, in Their Capacities as Commis-
sioners of Memphis, Light, Gas & Water Division, Mrs.
Matil Wurzburg, Mrs. Miriam Wurzburg, Edward Le-
Master Co., Inc., Troy Ritter d/b/a Ritter Electrical Co.,
and J. R. Riggins, d/b/a J. R. Riggins Plumbing & Heat-
ing Co., Defendants in Error.—350 S. W. (2d) 76.

Western Section. March 27, 1961.

Certiorari Denied by Supreme Court September 6, 1961.

W. Wright Mitchell, Memphis, for plaintiff in error.

Nelson, Norvell & Floyd, and Albert T. McRae, Memphis, for Edward LeMaster Co., Inc.

Robert Buckalew, Memphis, for Troy Ritter.

Richard T. Ely, Memphis, for J. B. Riggins.

BEJACH, J. This cause is styled Phil Evensky v. City of Memphis, et al.; but neither the City of Memphis, J. Ray Morton, Horace H. Hull, T. Walker Lewis, Ira Lichterman, Commissioners of Memphis Light, Gas & Water Division, Mrs. Matil Wurzburg, nor Mrs. Miriam Wurzburg, who were originally sued as defendants, along with Edward LeMaster Co., Inc., Troy Ritter; d/b/a Ritter Electrical Co., and J. R. Riggins, d/b/a J. R. Riggins Plumbing & Heating Co., are before this Court on the appeal in error of the original plaintiff, Phil Evensky.

Voluntary nonsuits were taken by plaintiff in the lower court against all defendants, except Edward LeMaster Co., Inc., Troy Ritter and J. R. Riggins, as to whom, at the end of plaintiff's proof, the trial judge directed a verdict in their favor. In this opinion, the parties will be referred to as plaintiff and defendants or called by their respective names.

Phil Evensky, as plaintiff, filed suit against the several defendants named above, seeking recovery for damages caused by fire to his stock of merchandise in a small dry goods store operated by him at 224 West Brooks Avenue in Shelby County, Tennessee. The suit appears to have been brought by plaintiff, Phil Evensky, for the use and benefit of the Star Insurance Company of America, which company had paid to plaintiff the sum of $5,250 on account of his fire loss. Nowhere in the plaintiff's declaration, or in the caption thereof, is it mentioned that the suit was brought for the use and benefit of the insurance company; but the plaintiff so testified, as a witness in the cause.

The fire occurred on the evening of Thanksgiving Day, November 28, 1957. It is the contention of plaintiff, and his declaration so alleges, that the fire was caused by negligence on the part of defendants in connection with the installation of a defective heater, or because of improper installation or connection of same. The heater in question was a gas fired, electrically operated ceiling type heater, installation of which was completed October 31, 1957, after said heater had been removed from an adjoining building. It was a Modene Heater, approved by the American Gas Association, which, according to testimony of experts, indicates that it is trustworthy and

safe. The testimony indicates that it was about six months old at the time of its removal, and that there had been no prior complaints about it. The heater was installed at 224 West Brooks Avenue, pursuant to instructions of Mr. W. E. Althauser, Vice President of Edward LeMaster Co., Inc., agent for the property owners, Mrs. Metil Wurzburg, Mrs. Miriam Wurzburg, and Mrs. Dorothy Bearman, the last named of whom was not even named as a defendant, and pursuant to a provision in the plaintiff's lease which provided: "Lessor agrees to replace broken glass in front window of store and to furnish and install one gas fired ceiling type heater." The installation was done by defendant Riggins, except for the electrical wiring and connections, which work was done by defendant Ritter. At the time of completion of the work by Riggins, the gas had not been turned on by the Memphis Light, Gas & Water Division, but it was turned on by it prior to the work done by the defendant Ritter. On November 11, 1957, by letter written to Edward LeMaster Co., plaintiff complained about the heater. Although the letter in question is dated October 11, 1957, the proof shows it was actually written on November 11, 1957. Said letter is as follows:

"October 11, 1957

"Edward LeMaster Co.
"Falls Building
"Memphis
"Tennessee

"Gentlemen:

"This is to inform you that the gas stove you had installed in the store at 224 West Brooks is defective.

At times, the fan does not run while the gas burns and the heater becomes red hot.

"Truly yours,
"Phil Evensky

"PE—se"

After receipt of the above quoted letter, Mr. W. E. Althauser, Vice President of Edward LeMaster Co., Inc., had defendant Riggins check the heater. This he did, reporting, however, that if anything was wrong with the heater it was in the electrical connections, and that an electrician would be necessary for proper check of that part of the equipment. Again, Mr. Althauser had an inspection made by defendant Ritter, who reported, after an inspection in the presence of Grace Brown, a colored woman who operated the store for plaintiff, that the heater was working perfectly.

Plaintiff's store was closed on Thanksgiving Day, November 28, 1957; but both plaintiff and his employee Grace Brown were there on the night of November 27, 1957. Both of them claimed to have turned the thermostat back before leaving the place. In spite of her claim to that effect, however, Grace Brown on cross examination testified as follows:

"Q. You didn't turn it completely down, did you? You just forgot, didn't you? You just forgot to turn it all the way down when you left that night? A. I guess I forgot, but I turned it down when I thought about it."

Plaintiff testified that on several occasions after November 11, 1957 when the heater was getting red hot but giving out no heat to the store, because the fan con-

nected with it was not working, he would start the fan manually, after which the heater would work all right. He also testified as follows:

"Q. You told them that the heater was not working properly? A. Yes, sir.

"Q. It did work at times, and at other times it didn't? A. Yes, sir.

"Q. What did you do in the evenings, Mr. Evensky? A. I turned it down and prayed.

"Q. You didn't disconnect it? A. No, I didn't. It wasn't coming in the store.

"Q. You didn't disconnect the heater? A. No, I did not.

"Q. You were concerned about the heater but you were not there during the day. Grace Brown was there? A. No, sir, I was not there.

"Q. And you instructed her about how to turn the heater off? A. No, I didn't.

"Q. You just turned it down and prayed? A. Yes, sir.

\* \* \* \* \* \* \*

"Q. And when this heater would get hot, you never noticed any scorching of the shoes or boxes or anything? A. No, sir, I didn't.

"Q. You never noticed any scorching or anything? A. It didn't get that hot.

"Q. It didn't get that hot? A. No, sir."

In addition to plaintiff, himself, and his employee Grace Brown, a number of other witnesses were introduced by

the plaintiff, including W. E. Althauser, Vice President of defendant Edward LeMaster Co., Inc., and defendants Troy Ritter and J. R. Riggins. There was some proof that the fire originated in the vicinity of the heater. No proof was offered by defendants, other than as witnesses for plaintiff.

At the end of plaintiff's proof, which was all of the proof in the case, and probably was all of the proof that could have been offered by any of the parties which would throw any light on the issues of this cause, the trial judge sustained motions for directed verdict made by the defendants, Edward LeMaster Co., Inc., Troy Ritter, d/b/a Ritter Electric Co., and J. R. Riggins, d/b/a J. R. Riggins Plumbing & Heating Co., and dismissed plaintiff's cause of action. A motion for a new trial was duly made by the plaintiff, a bill of exceptions filed, and plaintiff's appeal in the nature of a writ of error to this Court was perfected.

In this Court, as plaintiff in error, plaintiff in the lower court has filed only one assignment of error, which is that the learned trial court erred in granting a directed verdict in favor of the defendants, Edward LeMaster Co., Inc., J. R. Riggins, d/b/a J. R. Riggins Plumbing & Heating Co., and Troy Ritter, d/b/a Ritter's Electric Company.

The trial judge assigned as his reason for sustaining the motions for directed verdicts that plaintiff was guilty, as a matter of law, of contributory negligence, which barred his right of action.

While we are willing to affirm the ruling of the learned trial judge, for the reason assigned by him, based exclusively, on the testimony of the plaintiff himself, we

think his ruling may, also, be affirmed on the ground that plaintiff offered no material evidence of negligence on the part of defendants which would entitle him to submit his cause of action to the jury.

With reference to the defendant Edward LeMaster Co., Inc., we think the record is clear that as to it, the defendants Troy Ritter and J. R. Riggins were independent contractors, for whose negligence, if any, their employer, Edward LeMaster Co., Inc., would not be liable. As to the defendants Troy Ritter, d/b/a Ritter Electric Co. and J. R. Riggins, d/b/a J. R. Riggins Plumbing & Heating Co., aside from the fact that no negligence on their part is shown by the proof, which would sustain a verdict against either of them, even if we were to assume that, as between themselves, one or the other of them was negligently responsible for the manner in which the heater operated, and that such faulty operation was the proximate cause of the fire involved in this cause, which is not proven, the evidence would not establish, as between the two of them, which, if either of them, was responsible for the faulty operation of the heater. In that situation, a verdict against either of them would have been based on guess work or speculation, which the authorities in this State do not permit.

The law is settled in Tennessee that a verdict cannot be based upon speculation and conjecture, nor will a jury be permitted to indulge in guessing or mere conjecture. Where several acts, any one of which may have caused an injury, and for which one or more of the defendants would be liable, and for which some of them are not liable, but the evidence does not show the particular act or fact causing the injury, a verdict cannot be

sustained. Nashville, C. & St. L. Ry. Co. v. Pollard, 14 Tenn. App. 388; Hoover Motor Express Co. v. Thomas, 16 Tenn. App. 664, 666, 65 S. W. (2d) 621; Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn. App. 489, 79 S. W. (2d) 598; Hoback v. Coca Cola Bottling Works of Nashville, 20 Tenn. App. 280, 98 S. W. (2d) 113; Willis v. Heath, 21 Tenn. App. 179, 107 S. W. (2d) 228; Nichols v. Smith, 21 Tenn. App. 478, 111 S. W. (2d) 911; Nashville, C. & St. L. Ry. Co. v. Reeves, 25 Tenn. App. 359, 157 S. W. (2d) 851; Nashville, Chattanooga & St. Louis Ry. v. Crawford, 39 Tenn. App. 37, 49, 281 S. W. (2d) 69; Law v. Louisville & N. R. Co., 179 Tenn. 687, 170 S. W. (2d) 360; Nashville, C. & St. L. Ry. v. Sutton, 21 Tenn. App. 31, 104 S. W. (2d) 834.

For the reasons heretofore stated, the assignment of error filed in this Court by the plaintiff in error will be overruled and the judgment of the Circuit Court dismissing plaintiff's cause of action will be affirmed.

The costs of the cause will be adjudged against the plaintiff in error and the surety on his appeal bond.

Avery, P. J. (W.S.), and Carney, J., concur.