MARYLAND CASUALTY COMPANY

*v.*

PARLEY C. YOUNG.

362 S.W.2d 241.

(*Knoxville*, September Term, 1962.)

Opinion filed November 9, 1962.

Noe & Reed, Morristown, for petitioner.

Stuart F. Dye, Knoxville, for respondent.

Mr. Justice Dyer delivered the opinion of the Court.

On July 28, 1960 Parley C. Young (Appellee) an employee of Morristown Batting Company received an acci-

dental injury arising out of and in the course of his employment. This injury was a scalping wound of the head the skin being torn from the eyebrows back past to the center of the top of the head. In June 1961 Appellee filed suit against Maryland Casualty Company (Appellant) insurance carrier for Morristown Batting Company for benefits due under our Workmen's Compensation Statutes.

Upon the hearing of the cause the learned trial judge awarded Appellee 75 per cent permanent partial disability to the body as a whole, and this appeal is directed to this action the assignment of error being there is no material evidence to support such finding.

Appellee at the time of the accident was taken to a Morristown hospital where he was seen by Dr. L. W. Nabers. Dr. Nabers gave necessary emergency treatment and admitted him to the hospital. Appellee was next referred to Dr. James B. Cox a plastic surgeon of Knoxville, who over a period of time performed several skin transplants to the affected area. In July and August 1960 Appellee was examined by Dr. W. Edison Smith and on May 29, 1961 by Dr. John Pearce. Drs. Nabers and Pearce have testified in the cause and the testimony of Drs. Smith and Cox is in the record through the filing of a collective exhibit consisting of letters written by those doctors in regard to this matter.

Appellee was off work about eight months returning to his old job about April 1, 1961 where he continued to work until May 26, 1961. The substance of his testimony in regard to his injury is that since the injury he has had almost constant severe headaches to the point where

4

he cannot work, and prior to the accident he did not have any headaches.

Dr. Pearce testified Appellee came to him on May 29, 1961 complaining of severe frontal and occipital headaches. Upon examination Dr. Pearce said he found Appellee suffering from a marked inflammation in his frontal sinus spaces, and this condition was severe and would be permanent. Dr. Pearce testified Appellee had a disability of 100 per cent to the body as a whole. Other testimony of Dr. Pearce will be taken up in detail later in this opinion.

Dr. Nabers testified the skin graft was a success and Appellee was well and able to go to work. When asked about the involvement of Appellee's sinus as a result of the accident, he replied not particular or directly. Dr. Nabers gave Appellee 10 to 15 per cent disability.

Dr. Cox gave Appellee a disability of 15 per cent. Dr. Smith a neurosurgeon examined Appellee soon after the accident and reported he could demonstrate no brain damage. Dr. Smith made no evaluation as to amount of disability.

The learned Trial Judge in his finding made the following statement:

"The Court finds that this man by reason of this accident and injury has suffered a serious injury to his head. Dr. Pearce says that the frontal part of his head, the sinuses are disturbed, and that he suffers with headaches, he has sinus trouble *and that this condition on top of his head is liable to become ulcerated at any moment, and further that the condition of his eye brows and eye lids, that he anticipates that they*

*may become weak to the point to where they will cover
over his eyes and he will be unable to lift them back,
by reason of this accident and injury.*" (Italics by this
writer.)

Able counsel for Appellant insists there is no material
evidence to support that part of the finding italicized
above. The only evidence in the record supporting these
findings is from the testimony of Dr. Pearce.

On direct examination Dr. Pearce stated; "Whether
he will get the retraction where it will be difficult for
him to close his eyes, I couldn't tell you and nobody else
can." After this statement by Dr. Pearce the following
question was propounded to him and his answer given:

"Q. Will that affect his eyesight?

"A. Very possibly, if he gets to the point where he
can't close those eyes, but I couldn't tell you that, and
nobody else can."

In regard to the conditions of his head becoming ulcer-
ated Dr. Pearce testified as follows:

"*THE COURT:* That condition on his head, will
it ever ulcerate?

"A. Well, of course, a skin transplant, it is not a
true skin, it is likely to form more scar tissue, I can't
say whether it will or won't, it would be more subject
to it, there is more of a possibility of it.

"*THE COURT:* Could or might it ulcerate?

"A. Certainly."

The same rules of evidence apply to Workmen's
Compensation cases as apply to other nonjury civil cases

heard in the Circuit Court. *Baxter v. Jordan,* 158 Tenn. 471, 14 S.W.2d 717. It is a well known rule of evidence a judgment cannot be based on conjecture; speculation or surmise, and in the case of *Nashville, C & S. L. Ry. v. Reeves,* 25 Tenn.App. 359, 157 S.W.2d 851, the Court quoted with approval the following from Corpus Juris Secundum and American Jurisprudence:

" 'Testimony of a physician as to the probable effect of the injury is admissible, but it should show that such result is reasonably certain and not a mere likelihood or possibility.' 25 C.J.S., Damages, sec. 149, pp. 799, 800; 17 C.J. 1035, sec. 329.

" 'To warrant a recovery for a permanent injury, the future effect of the injury must be shown with reasonable certainty. It is not necessary that the evidence show conclusively or without a shadow of doubt that the injuries are permanent. But while absolute certainty should not be required, a mere conjecture, or even a probability, does not warrant the giving of damages for future disability which may never exist.' 15 Am.Jur. 486, sec. 75.' '

■ We agree this evidence by Dr. Pearce does not support that part of the finding italicized above in this opinion. This evidence amounts to saying it might or it might not. Such is conjecture and at best would support only a likelihood or possibility of these things ever happening.

■ There is material evidence in the record to support the finding Appellee received a serious head injury affecting his sinus causing severe headaches which condition is permanent.

The judgment of the Trial Court is modified to give Appellee, Parley C. Young a permanent partial disability of 50 per cent to the body as a whole. Appellee, Parley C. Young shall have and recover of Appellant, Maryland Casualty Company the sum of $32.50 per week for 200 consecutive weeks. The judgment of the Trial Court is modified as herein directed, and will be affirmed and the cause remanded. The costs of the appeal are adjudged against Appellant, Maryland Casualty Company and its surety.