**KNOXVILLE POULTRY & EGG COMPANY, Inc., Appellant,**

v.

**Ruby Evelyn ROBINSON, Appellee.**

Supreme Court of Tennessee.

March 6, 1972.

Paul E. Parker, O'Neil, Parker & Williamson, Knoxville, for appellant.

Harry W. Asquith, Knoxville, for appellee.

OPINION

CRESON, Justice.

This is the second time that the instant case has been before us ' n appeal. It involves a Workmen's Compensation suit filed by Ruby Evelyn Robinson against her employer, Knoxville Poultry & Egg Company, Inc. The employer is again appealing from an adverse judgment of the Circuit Court of Knox County, Division 3, award-

ing Mrs. Robinson benefits under the Workmen's Compensation law.

In this Opinion the parties will be referred to as they appeared in the trial court; that is, Ruby Evelyn Robinson as petitioner, and Knoxville Poultry & Egg Company, Inc. as defendant.

The pleadings in the present record are identical to those dealt with in the former opinion in the instant case, released on March 2, 1970, and reported at 224 Tenn. 124, 451 S.W.2d 675.

The cause was originally heard on August 25, 1969. The trial court rendered judgment in favor of petitioner and awarded her benefits for 25% permanent partial disability to the body as a whole. Defendant seasonably perfected an appeal-in-error to this Court. The trial court was reversed, and the cause remanded to the Circuit Court of Knox County for retrial. In doing so it was said:

"In this cause we are again confronted with an impossible task of decision. This is ascribable to the fact that this record is simply devoid of competent evidence as to (1) whether or not the malady complained of by petitioner had its origin and cause in a hazard incident to her employment; and (2) whether that malady is to be medically considered as an essential part or parcel or closely related, in a causal sense, to one of the specified compensable occupational diseases.

We are not content to determine the rights and liabilities, if any there be, of the parties to this cause without pertinent medical evidence directed to the above-mentioned factors."

The facts of the present record are identical with those of the previous record with the exception of the deposition of Dr. William Swann.

Dr. Swann testified that he could not say "positively" what caused petitioner's bronchitis. Dr. Swann noted that "bronchitis is a disease of the population at large;

it's not just an occupational disease." However, Dr. Swann said that it was "possible" that the cold and wet working conditions caused the bronchitis or aggravated a pre-existing condition.

After considering all the evidence the trial court was of the opinion that petitioner was 25% permanently partially disabled and awarded her benefits under the Workmen's Compensation Act. Defendant again seasonably perfected an appeal to this Court and assigns three errors to the judgment below. They are:

"1. The Court erred in holding that simple bronchitis was one of the occupational diseases listed in Section 50–1101 of the *Tennessee Code Annotated.*

2. The Court erred in holding that the petitioner's bronchitis was caused by her employment as required by Section 50–1101, Tennessee Code Annotated.

3. The Court erred in awarding the petitioner compensation benefits for permanent disability, there being no evidence to support such a finding."

In our former opinion in this cause we pointed out that we could not determine the rights and liabilities of the parties, if any, since the record contained no competent evidence "as to (1) whether or not the malady complained of by petitioner had its origin and cause in a hazard incident to her employment; and (2) whether that malady is to be medically considered as an essential part or parcel or closely related, in a causal sense, to one of the specified compensable occupational diseases." Proof of these matters is necessary to support an award, and our prior determination is the law of the case. City of Bristol v. Bostwick (1922) 146 Tenn. 205, 240 S.W. 774.

In its first assignment defendant contends that there is no evidence in the record to support the finding of the trial court that petitioner's bronchitis was close-

ly related to one of the listed occupational diseases under T.C.A. § 50–1101. We are of the opinion that this contention is sound. The record in the case at bar is completely devoid of any evidence on which the trial court could base any finding that petitioner's malady is "an essential part or parcel or closely related to one of the specified compensable occupational diseases."

█ If proper at all to consider the second assignment of error, in view of the fact that the record contains no substantial evidence of accidental injury, the testimony of Dr. Swann goes no further than that it was "possible" that a causal connection existed. Under the law of this State as enunciated heretofore the present record is inadequate to sustain any theory of liability. Lynch v. La Rue (1955) 198 Tenn. 101, 278 S.W.2d 85.

It results that the judgment of the trial court is reversed and petitioner's suit is dismissed. Costs of this appeal are taxed to petitioner.

DYER, C. J., CHATTIN and McCANLESS, JJ., and JENKINS, Special Justice, concur.