Edgar William PRIMM,
Plaintiff–Appellee,

v.

WICKES LUMBER COMPANY and
Kenneth Wayne Johnson,
Defendants–Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 7, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 23, 1992.

John P. Long, Taylor, Philbin, Pigue, Marchetti & Long, Nashville, for plaintiff-appellee.

Charles G. Blackard, III, Blackard, Pitts & Stroop, Brentwood, for defendants-appellants.

## OPINION

LEWIS, Judge.

This is an appeal by defendants-appellants, Wickes Lumber Company (Wickes) and Kenneth Wayne Johnson (Johnson), from the judgment entered on the jury's verdict in favor of the plaintiff, Edgar William Primm, in the sum of $30,000.00.

This case arose out of a motor vehicle accident which occurred on 30 July 1987 in Davidson County, Tennessee, and resulted in injuries to the plaintiff.

Plaintiff filed his complaint against defendants for injuries received in the accident. Defendants-appellants conceded liability prior to trial and the case was tried solely on the issue of damages. The jury returned a verdict for $30,000.00 in favor of the plaintiff and against both defendants. Judgment was entered on the verdict.

The plaintiff was sixty-seven years old as of the date of the accident and had retired as a state employee at age fifty-nine because of heart disease. Plaintiff comes from a large family with a remarkable history of heart disease which had caused the death of five siblings. His parents also suffered from heart disease.

Plaintiff suffered a heart attack in 1977 and another in 1981. After this second heart attack, plaintiff underwent by-pass surgery and embarked on a routine of vigorous cardiovascular exercise at the suggestion of his physician. In 1990, plaintiff suffered another heart attack and subsequently underwent quadruple by-pass surgery.

The injuries received by the plaintiff in the accident caused bruises and hip soreness. Plaintiff also testified that the accident caused significant leg pain and swelling, but his physician attributed that pain to the fact that plaintiff had had a vein removed from the leg for use in bypass surgery. Plaintiff testified that the injuries he received in the accident drastically curtailed his exercise program and that he was no longer able to exercise to the extent he had before the accident.

Before trial, defendants moved in limine to exclude the portions of the testimony of plaintiff's cardiologist, Dr. Laurence A. Grossman, relative to plaintiff's subsequent medical treatment and care for heart disease. Defendants also moved to exclude certain testimony of Dr. E. Dewey Thomas, the orthopedic treating physician, and testimony of the plaintiff relating to causation regarding various medical conditions. The court sustained the motion only for the routine heart treatment Dr. Grossman conducted after the accident. This treatment had been ongoing for years before the accident. The court denied the request to exclude portions of Dr. Grossman's testimony from which the jury could draw the conclusion that plaintiff's heart attack and heart bypass surgery in 1990 were caused by the accident.

The record shows that Dr. Grossman did not base his testimony upon a reasonable degree of medical certainty. Defendants made timely objections to this testimony during the deposition, and in the pre-trial motion in limine the defendants sought to exclude those portions of the deposition which related to subsequent heart problems. In his deposition, Dr. Grossman was

specifically asked if he had a medical opinion as to whether the accident affected plaintiff's heart condition to which he replied:

> Well, in the first place, this man had heart trouble before the accident. And heart disease is a progressive thing but, he, after the accident and with some of the stresses that he has had, he had more angina and more heart disease and had to have that bypass surgical procedure, now I can't say that the extra stress, or whatever else he had, extra pain or extra medication or alteration in the lifestyle, which was necessitated by the accident, I would say hadn't caused it. Now whether it's a contributory factor is up to question, I can tell you that. It did not cause it. It could well have contributed to the acceleration of his vascular and cardiac disease.

Defendants also objected to a letter dated 15 August 1988, addressed to plaintiff's attorney from Dr. Grossman. In the letter, Dr. Grossman opines as to the permanency of certain orthopedic injuries, but does not state these conclusions with reasonable medical certainty. In the letter, Dr. Grossman states that:

> [plaintiff] continues to experience a great deal of left hip pain, pain in the neck, and pain in the left shoulder. More recently, the pain has radiated to the left foot. These symptoms are the consequence of his accident and reflect both initial traumatic injury to the joints involved as well as a traumatic injury to the cervical spine, probably a sprain, with nerve root involvement.
>
> [Plaintiff] has never had these symptoms in the past. Since they have now persisted for more than a year, I suspect that they will be permanent.

These medical conditions were conditions for which Dr. Grossman had referred plaintiff to Dr. E. Dewey Thomas, the orthopedic specialist, but Dr. Thomas had not made a determination of impairment.

Defendants timely objected to Dr. Grossman's testimony and to the entire deposition as failing to meet the evidentiary requirements for admissibility pursuant to Rule 702, Tennessee Rules of Evidence.

Rule 702, Tennessee Rules of Evidence provides; "If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise."

 The expert's opinion must substantially assist the jury in its determination and the question of what will "substantially" assist the jury is one for the trial court to determine. The expert's testimony must satisfy Rule 702 and the threshold question for the court's determination is whether the witness' testimony "will substantially assist the trier of fact to understand the evidence or to determine a fact in issue." The Tennessee standard is much more stringent than its federal counterpart which merely requires evidence from experts which "assist the trier of fact" rather than "substantially assist the trier of fact." The importance of the court's task in determining whether the evidence will substantially assist the trier of fact is borne out by the weight given to an expert's testimony. "Expert testimony is unique because experts are allowed to give an opinion in a particular situation whereas other witnesses are prohibited from giving opinion testimony in areas where expertise is not required." *State v. Howse,* 634 S.W.2d 652, 657 (Tenn.Crim. App.1982).

Here, plaintiff was allowed to testify that the injuries he sustained in the accident virtually eliminated his ability to continue his cardiovascular exercise program. In addition, the jury was allowed to consider Dr. Grossman's speculative testimony that the accident may have contributed to the acceleration of plaintiff's vascular and cardiac disease. The admission of Dr. Grossman's testimony allowed the jury to speculate that the reduced cardiovascular exercise program was a contributing cause of his heart attack.

Numerous Tennessee cases establish a necessary degree of medical certainty to prove causation.[1] Testimony which amounts to mere speculation is not evidence which establishes proximate cause. *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856, 861–62 (Tenn.1985); *Porter v. Green*, 745 S.W.2d 874, 877–78 (Tenn.App. 1987).

We find nothing in the record or in the deposition which shows that the plaintiff laid the necessary foundation to prove medical expert causation. There is no evidence to establish with a reasonable degree of medical certainty that plaintiff's heart attack and bypass surgery in 1990 resulted from the accident with defendant.

For the testimony of a physician to be admissible,

"... it should show that such result is reasonably certain and not a mere likelihood or possibility." [citation omitted]

"To warrant a recovery for a permanent injury, the future effect of the injury must be shown with reasonable certainty. It is not necessary that the evidence show conclusively or without a shadow of doubt that the injuries are permanent. But while absolute certainty should not be required, a mere conjecture, or even a probability, does not warrant the giving of damages for future disability which may never exist." [citation omitted]

Testimony of experts as to the probable cause of injury should be subject to the same rules as applied supra in the case of probable effect of injury.

*Reserve Life Ins. Co. v. Whittemore*, 59 Tenn.App. 495, 513, 442 S.W.2d 266, 274 (1969) (*citing Nashville, C. & S.L. Ry v. Reeves*, 25 Tenn.App. 359, 157 S.W.2d 851 (1941)).

In *Lindsey*, the plaintiff's decedent died from brain injuries she sustained in a fall from a balcony. The doctor in that case testified that an autopsy was never performed on the decedent and, therefore, he could only speculate as to whether the decedent would have survived if she had received immediate medical care. *Id.* at 861. The court, in *Lindsey*, cites *Prosser* with approval stating:

The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

689 S.W.2d at 862–63 (citing Prosser and Keeton, *Torts* § 41 p. 269 (5th ed. 1984)).

"A doctor's testimony that a certain thing is *possible* is no evidence at all. His opinion as to what is possible is no more valid than the jury's own speculation as to what is or is not possible." 689 S.W.2d at 862 (emphasis in original) (citation omitted). "The mere possibility of a causal relationship, without more, is insufficient to qualify as an admissible expert opinion." 689 S.W.2d at 862 (quoting *Kirschner v. Broadhead*, 671 F.2d 1034, 1039 (7th Cir. 1982)).

This Court in *Porter v. Green*, 745 S.W.2d 874 (Tenn.App.1987), held that when a physician testifies about a physical condition he must be reasonably certain as to the cause of the condition and the future effects of the condition. *Id.* at 877. We further stated that an expert may not give speculative, conjectural or equivocal testimony to establish causation. This is especially true where the injuries complained of are not injuries that are so obvious that a layman could testify as to their permanency. *Id.* at 878. In this case plaintiff's heart disease and bypass surgery are not of that category, especially if the triggering cause is thought to be lack of physical exercise.

1. *City of Lawrenceburg v. Nelson*, 219 Tenn. 177, 407 S.W.2d 674 (1966); *Reserve Life Ins. Corp. v. Whittemore*, 59 Tenn.App. 495, 442 S.W.2d 266 (1969); *Knoxville Poultry and Egg Co. v. Robinson*, 477 S.W.2d 515 (Tenn.1972); *Aetna Casualty and Surety Co. v. Long*, 569 S.W.2d 444 (Tenn. 1978); *Owens Illinois, Inc. v. Lane*, 576 S.W.2d 348 (Tenn.1978); *Nashville C & St. L Rw Co. v. Reeves*, 25 Tenn.App. 359, 157 S.W.2d 851 (1941).

In *City of Lawrenceburg v. Nelson,* 219 Tenn. 177, 407 S.W.2d 674 (1966), plaintiff's decedent, a volunteer fireman for the City of Lawrenceburg, had a heart attack while fighting a fire in May of 1964. After several months, he had a separate and fatal heart attack at home in February of 1965. The question on appeal was whether the second heart attack was causally related to the first. Testimony established that the first heart attack would "tend" to cause a second and that the decedent was more likely to have the second attack. The court stated that to find causation from such testimony would be "to deal in speculation." 407 S.W.2d at 678. We see very little, if any, difference in the facts in the *City of Lawrenceburg* and the instant case. To find causation in the instant case between the subsequent heart attack and the injuries sustained here is mere speculation. This issue is sustained.

In view of our holding under the first issue, we pretermit defendants' second issue of whether the jury verdict was excessive and that a remittitur should have been suggested.

It results that the judgment of the trial court is reversed and the cause remanded to the trial court for a new trial on the issue of damages, for the collection of costs which are assessed to plaintiff-appellee, and for any further necessary proceedings.

TODD, P.J., concurs.

CANTRELL, J., dissents.

CANTRELL, Judge, dissenting.

I respectfully dissent from the majority's holding that the case must be remanded for a new trial. Considering the amount of the verdict and the injuries sustained by Mr. Primm, I think any error committed in allowing Dr. Grossman's testimony was harmless. *See* Rule 36(b), Tenn.R.App. Proc. I do not think the verdict contains any allowance for Mr. Primm's subsequent heart attack.

I would affirm.