IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 18, 2022 Session

## HAROLD R. GUNN v. CITY OF HUMBOLDT

**Appeal from the Circuit Court for Gibson County**
**No. H4159    William B. Acree, Senior Judge**

_____

### No. W2022-00029-COA-R3-CV

_____

This is an appeal from a grant of an involuntary dismissal. The plaintiff brought suit against the City of Humboldt for damages to his real property due to the collapse of a portion of his parking lot into his adjacent drainage ditch. At trial, the court granted the defendant's motion for an involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2) at the close of the plaintiff's proof and dismissed the case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Harold Ross Gunn, Humboldt, Tennessee, Pro se.

Michael Hill, Milan, Tennessee, for the appellee, City of Humboldt, Tennessee.

MEMORANDUM OPINION[1]

BACKGROUND AND PROCEDURAL HISTORY

Harold Gunn ("Plaintiff") owns real property in Humboldt, Tennessee, which includes a drainage ditch on the property line. At some time in the past, a portion of this

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

ditch was enclosed by the placement of both underground and ground-level drainage structures that directed the flow of water from the back of Plaintiff's property, under the parking lot, under a road, and then emptying into an open ditch on the other side of the road. An individual who rented Plaintiff's property testified that, at least ten years prior, employees of the City of Humboldt had installed a black culvert to Plaintiff's drainage ditch to help direct water to it.

Plaintiff's complaint alleges that the particular facts giving rise to this case occurred on June 29, 2020, when a portion of Plaintiff's asphalt parking lot collapsed into the drainage ditch. Following the collapse, Plaintiff alleges that he sent the City of Humboldt ("Defendant") two letters demanding that it repair the collapse. Receiving no response from Defendant, Plaintiff filed suit on November 23, 2020, and an amended complaint on January 25, 2021. In his amended complaint, Plaintiff alleged that Defendant failed "to maintain the drainage facility" and, as a result, his "realty and improvements will continue to be invaded and damaged by water." Plaintiff also alleged that, because of Defendant's conduct, his "real property has diminished in value by the repeated inundations and invasions of water from the drainage ditch maintained by the Defendant[] for over fifteen (15) years." Plaintiff further alleged that governmental immunity was removed because Defendant "created a dangerous or defective condition on a drainage ditch [it] controlled." In light of his allegations, Plaintiff requested a judgment in the amount of $72,000.00, plus interest, as well as injunctive relief requiring Defendant to "repair and maintain the drainage ditch to prevent further damage to Plaintiff's property." On March 18, 2021, Defendant filed an answer, averring that it did *not* own or maintain the drainage ditch at issue. Rather, according to Defendant's answer, "these structures were constructed by private owners and lie on private property." On October 6, 2021, Plaintiff filed a motion for summary judgment, which was subsequently denied by an order entered on November 23, 2021.

A bench trial was held on December 7, 2021. At the close of Plaintiff's proof, Defendant moved the trial court for an involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2). Following argument of counsel, the trial court granted Defendant's motion and dismissed the case. In so doing, the trial court stated that it "has heard no evidence of the reason for the collapse" and that, although Plaintiff "theorizes that an installment of a black culvert and then a silver culvert sometime in the past" was the ultimate cause of the collapse, "[t]here's absolutely no evidence in the record" to support Plaintiff's allegations. The trial court also concluded that there was "no evidence of a dangerous or defective condition and that [Defendant] knew or should have known of such," nor was there any evidence of "ownership or control by [Defendant]." Moreover, the trial court concluded that Plaintiff owned the property and that there was no evidence that Defendant "had any duty to maintain the drainage system on private property." Ultimately, the trial court concluded that Plaintiff failed to prove that he was entitled to

any relief against Defendant and dismissed the case.[2]  This appeal followed.

**DISCUSSION**[3]

It is axiomatic that in order for Plaintiff to recover damages against Defendant, he must show that Defendant's actions were the proximate cause of the injury to his real property. *See Simmons v. O'Charley's, Inc.*, 914 S.W.2d 895, 903 (Tenn. Ct. App. 1995). Plaintiff argues that Defendant's failure to adequately maintain the drainage ditch on his property ultimately led to its collapse and thus resulted in injuries to his real property. Based on our review of the record, we agree with the trial court that Plaintiff presented no evidence to support a conclusion that Defendant had any duty to maintain the drainage ditch or that its collapse was the fault of Defendant.

In support of his position that the trial court's decision should be reversed, Plaintiff first argues that Defendant should be responsible for the drainage ditch and its collapse. Notably absent from Plaintiff's argument is any evidence showing the cause of the drainage ditch's collapse.  Rather, Plaintiff bases his contention on "common sense" and his own opinion on how or why it occurred.  Plaintiff's assumptions as to the cause of the collapse are mere speculation, and "testimony which amounts to mere speculation is not evidence which can establish proximate cause." *Jennings v. Case*, 10 S.W.3d 625, 632 (Tenn. Ct. App. 1999) (citing *Primm v. Wickes Lumber Co.*, 845 S.W.2d 768, 771 (Tenn. Ct. App. 1992)). As the trial court noted, there is no evidence in the record regarding the reason for the collapse of the drainage ditch.  Without any evidence of causation, Defendant's contentions here are without merit.

Plaintiff next argues that Defendant created a dangerous and defective condition by failing to perform work on the drainage ditch after purportedly receiving notice and that, accordingly, Defendant's governmental immunity is removed.  We are somewhat perplexed by Plaintiff's argument in this regard.  Although he fails to cite the appropriate Governmental Tort Liability Act ("GTLA") statute in his brief, Tennessee Code Annotated section 29-20-204(a) provides that "[i]mmunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public

---

[2] A transcript of the trial court's oral ruling is attached as Exhibit A and incorporated by reference in the Judgment and Order Granting Defendant's Motion for Involuntary Dismissal entered by the trial court on December 22, 2021.

[3] As noted by Defendant in its brief, Plaintiff's appellate brief suffers from multiple deficiencies, including noncompliance with Rule 27 of the Tennessee Rules of Appellate Procedure.  Specifically, we find Plaintiff's brief to be severely lacking in citations to the record on appeal.  Moreover, Plaintiff's brief contains little to no ascertainable reasons as to why his issues require appellate relief.  Tenn. R. App. P. 27(a)(7).  Moreover, we find Plaintiff's substantive argument on appeal to be rather brief such that any legal support for said arguments is difficult to ascertain.  Nevertheless, despite these deficiencies, we elect to move forward in an attempt to discern the substance of Plaintiff's argument and address it on the merits, to the extent that we are able to do so.  *See* Tenn. R. App. P. 2.

building, structure, dam, reservoir or other public improvement **owned** and controlled by such governmental entity." Tenn. Code Ann. § 29-20-204(a) (emphasis added). In light of the relevant statute, we find no indication that Defendant's immunity under the GTLA is removed in this case. The record is clear that Plaintiff, not Defendant, owns the property at issue. Accordingly, Plaintiff's argument in this regard is without merit.

Finally, Plaintiff argues that the trial court erred in not allowing him to state his damages in order to prevent a dismissal. From our review of the record, it appears that Plaintiff was in fact permitted to present claimed damages via the admission of six separate exhibits that he introduced into evidence. To the extent that Plaintiff is claiming that he should have been able to introduce additional evidence, his brief does not reference any offer of proof made in the trial court, nor does the brief describe the nature of any other evidence he was allegedly denied the opportunity to present. Accordingly, we conclude that this raised issue is waived.

## CONCLUSION

Based on the foregoing, we affirm the trial court's dismissal of Plaintiff's lawsuit against Defendant.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE